■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BROWN, Appellant. [680 NYS2d 78] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered November 29, 1995, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the

second degree, and sentencing him, as a second felony offender, to a term of 6 years to life, unanimously affirmed.

Defendant's suppression motion was properly denied. The arresting officer had a founded suspicion that criminality was afoot, justifying his asking defendant if he would "mind" opening his briefcase (*see, People v Hollman*, 79 NY2d 181, 191). Such suspicion was properly based upon the building superintendent's statement to the officer that defendant dealt drugs and carried a gun, viewed in the context of the surrounding circumstances. When the officer asked for defendant's consent to the search, he was not accompanied by any other officer, had his gun in its holster, and asked in polite tones. These facts provided ample support for the court's finding that defendant's consent was voluntary and not in response to any official intimidation (*see, People v Gonzalez*, 39 NY2d 122, 128).

The chain of custody hearing, conducted at the behest of defendant, did not constitute a "reopening" of the *Mapp* hearing, but rather addressed the separate and distinct issue of whether the arresting officer could identify which items were found in defendant's briefcase as opposed to which items he found in the apartment, the latter which were suppressed.

The record demonstrates that defendant's guilty plea was made knowingly, intelligently and voluntarily, and the court properly exercised its discretion in denying defendant's request to withdraw that plea. The court properly determined that defendant, by absconding, forfeited the opportunity to obtain a more lenient disposition previously offered by the court. Since defendant received the minimum sentence authorized by law for a second felony offender, his request for discretionary review of his sentence is meritless (CPL 470.20 [6]). Concur—Tom, J. P., Mazzarelli, Andrias and Saxe, JJ.